IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-932

Filed 19 December 2023

Scotland County, Nos. 18CRS051090, 18CRS052100-02

STATE OF NORTH CAROLINA

v.

DESMOND JAKEEM BETHEA

Appeal by Defendant from judgments entered 28 March 2022 by Judge Stephan R. Futrell in Scotland County Superior Court. Heard in the Court of Appeals 18 October 2023.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Orlando L. Rodriguez, for the State-Appellee.*

*Sarah Holladay for Defendant-Appellant.*

COLLINS, Judge.

Defendant Desmond Jakeem Bethea appeals from judgments entered upon jury verdicts of guilty of three counts of attempted first-degree murder, one count of assault with a deadly weapon with intent to kill inflicting serious injury, two counts of assault with a firearm on an officer, and one count of "carrying a concealed gun." Defendant argues that the trial court abused its discretion when it found him competent to stand trial. We find no error.

## I.    Background

On 26 May 2018, Corporal Benjamin Teasley and Officer Jeremy Rodriguez with the Laurinburg Police Department responded to a call about an individual who had been shot outside of a grocery store. The two officers arrived on scene and found a man who had been shot in the arm. As the officers worked to secure the crime scene, they watched Defendant walk up, cross under the police tape, and enter the secured area. The officers asked Defendant if he saw the police tape and told him to get out.

The officers moved towards Defendant, and Teasley began to arrest Defendant; Defendant resisted and started a physical altercation with Teasley. During the physical altercation, Defendant pulled a gun from his waistband and fired at Teasley, narrowly missing Teasley's ear. Teasley yelled "gun," drew his service weapon, and fired at Defendant. As Teasley fired at Defendant, Defendant pointed his gun at Rodriguez, who had fallen during the altercation and was on the ground.

Defendant attempted to flee, but Teasley fired his weapon and struck Defendant multiple times. Defendant was found incapacitated on the ground near the crime scene with injuries to his head, jaw, large intestine, liver, stomach, and right arm. Defendant was transported to the hospital for emergency surgery; it was determined that he had suffered a traumatic brain injury.

Defendant was indicted on 19 August 2019 on three counts of attempted first-degree murder; one count of assault with a deadly weapon with intent to kill

inflicting serious injury; two counts of assault with a deadly weapon on a public officer; two counts of resisting, delaying, or obstructing a public officer; one count of carrying a concealed gun; and one count of discharging a weapon into an occupied dwelling. On 21 March 2022, Defendant's counsel filed a Motion for Capacity Hearing, alleging that Defendant was incompetent because he was "unable . . . to assist in his defense in a rational or reasonable manner" due to his lack of memory of the incident. Defendant's counsel attached a report written by Dr. James Hilkey, which concluded that Defendant "has no memory of the events" and thus "cannot assist his attorney in explaining his mental state or provide relevant information in offering a defense."

A competency hearing was held that same day. Dr. Hilkey was tendered and qualified as an expert in forensic psychology and testified that Defendant did not remember the days leading up to the crime and did not remember anything from the weeks directly following the crime. Dr. Hilkey also testified that Defendant had a "rational understanding" of the legal proceedings against him. The trial court then heard arguments from Defendant's counsel and the State, and it determined that Defendant was competent and therefore capable of standing trial.

Directly following the competency hearing, Defendant's case proceeded to trial. The jury convicted Defendant of all charges except for the one count of discharging a weapon into an occupied dwelling, and the trial court sentenced Defendant. Defendant gave proper oral notice of appeal in open court.

## II.  Discussion

Defendant argues that the trial court abused its discretion by finding him incompetent to stand trial because the "evidence showed he was unable to assist in his defense due to a total lack of memory about the days surrounding the incident."

### A. Preservation

The State argues that "Defendant did not preserve the issue of competency for appeal because he failed to object to the competency finding below."

North Carolina Rule of Appellate Procedure 10 states, in relevant part:

> In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, *or motion*, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context.  It is also necessary for the complaining party to obtain a ruling upon the party's request, objection, or motion. . . .

N.C. R. App. P. 10(a)(1) (2022) (emphasis added).

Here, Defendant's counsel filed a Motion for Capacity Hearing, alleging that Defendant was not competent to stand trial.  A competency hearing was held on 21 March 2022 and the trial court found that Defendant was competent to stand trial.  As Defendant presented to the trial court a timely motion and obtained a ruling upon that motion, the issue of Defendant's competency to stand trial is properly preserved for our review.

### B. Analysis

After hearing a motion on a defendant's mental capacity, a trial court shall

issue an order containing "findings of fact to support its determination of the defendant's capacity to proceed." N.C. Gen. Stat. § 15A-1002(b1) (2022). The trial court's "findings of fact as to defendant's mental capacity are conclusive on appeal if supported by the evidence." *State v. Baker*, 312 N.C. 34, 43, 320 S.E.2d 670, 677 (1984) (citations omitted). We review the trial court's denial of a defendant's motion for incapacity for an abuse of discretion. *State v. Flow*, 384 N.C. 528, 547, 886 S.E.2d 71, 85 (2023). An abuse of discretion requires a showing that the trial court's ruling "is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988) (citation omitted).

N.C. Gen. Stat. § 15A-1001(a) provides:

> No person may be tried, convicted, sentenced, or punished for a crime when by reason of mental illness or defect he is unable to understand the nature and object of the proceedings against him, to comprehend his own situation in reference to the proceedings, or to assist in his defense in a rational or reasonable manner. . . .

N.C. Gen. Stat. § 15A-1001(a) (2022). As to the requirement that a defendant be able to assist in his defense, our Supreme Court has explained that, "[s]o long as a defendant can confer with his or her attorney so that the attorney may interpose any available defenses for him or her, the defendant is able to assist his or her defense in a rational manner." *State v. Shytle*, 323 N.C. 684, 689, 374 S.E.2d 573, 575 (1989) (considering and rejecting the defendant's argument that the test is whether the

defendant could participate in her defense in a "meaningful way"). Additionally, our Supreme Court has explained that even when a defendant's ability to participate in his defense is limited by amnesia, it does not per se render him incapable of standing trial. *See State v. Willard*, 292 N.C. 567, 576-77, 234 S.E.2d 587, 593 (1977) ("Obviously if [a] defendant is unable to recall the events of the crime, his available defenses may be limited. We do not believe this fact alone renders him incompetent to stand trial[.]"); *see also State v. Avery*, 315 N.C. 1, 11, 337 S.E.2d 786, 791 (1985) (rejecting the defendant's argument that "complete loss of memory of the events in question" prevented defendant from "rationally and reasonably consult[ing] with his defense counsel").

Here, Defendant implicitly concedes that he was able to understand the nature and object of the proceedings against him and able to comprehend his own situation in reference to the proceedings. He argues only that his memory loss rendered him unable to assist in his defense in a rational or reasonable manner and that the trial court's finding of fact as to his competency is unsupported by the evidence.

At the hearing, the trial court explained that it considered the evidence presented, along with *Willard* and *Avery*, and further stated:

> [T]he Court finds that the defendant is capable of assisting in his defense to the extent that he can remember events before and after and can stand trial in accordance with the standards in the North Carolina Constitution and General Statute 15A-1001(a), as amended.

The evidence presented at trial, which included Dr. Hilkey's written report,

supports this challenged finding. Dr. Hilkey's written report shows that: Defendant retained memories of his childhood, including the years in elementary school, middle school, and the three years of high school that he completed; Defendant recalled playing and enjoying basketball; Defendant remembered beginning recreational use of marijuana in high school; and Defendant recalled being "in good health until being shot during the instant offenses." Additionally, Defendant stated that he was able to attend his grandmother's wake in June 2021, which took place after the incident and after he sustained his injuries.

This evidence supports the challenged finding that Defendant "can remember events before and after." Moreover, the record evidence shows that the trial court carefully considered Dr. Hilkey's written report and testimony, in light of *Willard* and *Avery*, when making its determination that Defendant was competent to stand trial.

## III. Conclusion

As the challenged finding of fact is supported by the evidence, it is conclusive on appeal. *Baker*, 312 N.C. at 43, 320 S.E.2d at 677. Further, the record shows that the trial court carefully considered the evidence before it, along with the controlling case law. Accordingly, we cannot say that the trial court abused its discretion in determining that Defendant was mentally competent to stand trial. *See Hennis*, 323 N.C. at 285, 372 S.E.2d at 527.

NO ERROR.

Judges GORE and FLOOD concur.